# UNITED STATES DISTRICT COURT
for the
### DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Carla Gericke, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| Chief Gregory C. Begin, | ) |
|    Individually and Officially, | ) |
| Lieutenant James J. Carney, | ) |
|    Individually and Officially, | ) |
| Sergeant Joseph Kelley, | ) |
|    Individually and Officially, | ) |
| Officer Brandon Montplaisir | ) COMPLAINT FOR |
|    Individually and Officially, | ) DAMAGES, DECLARATORY AND |
| Weare Police Department, and | ) INJUNCTIVE |
| The Town of Weare, | ) RELIEF |
| | ) |
| Defendants. | ) |
| | ) |

COMES NOW, the Plaintiff, by and through the undersigned counsel and for her

Complaint against the Defendants, states as follows:

### JURISDICTION, CAUSE OF ACTION, AND VENUE

1. The Plaintiff invokes jurisdiction in this Court for her Federal claims pursuant to 28

   U.S.C. §1331.

2. The Plaintiff's Federal claims against the State actors are brought pursuant to 42 U.S.C.

   §1983 and 42 U.S.C. § 1988.

3. The Plaintiff's State claims are brought pursuant to the New Hampshire State

   Constitution and common law.

4. The Plaintiff also invokes jurisdiction in this Court for her State claims pursuant to New

   Hampshire common law and 28 U.S.C. §1367.

5.  Declaratory relief is sought under 28 U.S.C. § 2201, and injunctive relief is sought under 42 U.S.C. §1983.

6.  The Defendants' unlawful actions occurred within the State of New Hampshire, and therefore venue is appropriate pursuant to 28 U.S.C. § 1391(b).

<u>PARTIES</u>

7.  At all relevant times, Carla Gericke ("Plaintiff"), was a New Hampshire resident.

8.  At all relevant times, the Town of Weare and the Weare Police Department employed Gregory C. Begin ("Defendant Begin") as the Weare Police Chief.

9.  At all relevant times, James J. Carney ("Defendant Carney") was a Lieutenant employed by the Weare Police Department.

10. At all relevant times, Joseph Kelley ("Defendant Kelley") was a Sergeant employed by the Weare Police Department.

11. At all relevant times, Brandon Montplaisir ("Defendant Montplaisir") was a Police Officer employed by the Weare Police Department.

12. When referring collectively to the Defendant Officer, Sergeant, and Lieutenant, they shall hereinafter be referred to as "Defendant Officers."

13. At all relevant times, Defendant Begin had supervisory authority over Defendant Officers.

14. At all relevant times, Defendant Weare Police Department ("Defendant PD") employed all Defendants.

15. At all relevant times, the Town of Weare ("Defendant Town") had supervisory authority over the Weare Police Department and its employees.

16. At all relevant times, the Defendants acted under color of state law, but in excess of Federal and State constitutional limitations.

17. All claims brought pursuant to 42 U.S.C. §1983 are being brought against each Defendant in his/her individual capacity only.  All other claims are being brought against the Defendants in their individual and official capacities as necessary and appropriate.

<u>SALIENT FACTS</u>

18. On or around March 24, 2010, Defendant Montplaisir and Defendant Kelley threatened Ms. Gericke with arrest, and then arrested Ms. Gericke for openly and non-surreptitiously videotaping Defendant Kelley and Defendant Montplaisir with a handheld camcorder while Defendant Montplaisir and Defendant Kelley were performing their public duties on a public way.  Following the arrest, Defendant Montplaisir seized Ms. Gericke's camera, and Defendant Carney instructed Defendant Montplaisir to charge Ms. Gericke with illegal wiretapping under RSA 570-A.  Defendant Officers added charges of Disobeying a Police Officer and Obstructing Government Administration.  All charges were subsequently dropped.

19. Following Ms. Gericke's booking, Ms. Gericke asked for a receipt for her camera.  In response, an unidentified Weare Police Department officer said to Ms. Gericke: "You will never see your camera again."  Upon information and belief, since that time, the Defendants caused the contents of the camera to be searched, extracted, and erased.  The Defendant Officers also seized and searched her vehicle as well.

20. While charges were still pending, Ms. Gericke's Attorneys filed three discovery requests.  All three requested the State to disclose the dashboard camera video as exculpatory evidence to the defense.  Attorney Hipple sent the first discovery request on April 1,

2010. Sergeant Louis Chatel of the Weare Police Department answered the first discovery request on April 23, 2010, but omitted the Recordings, making no mention of them whatsoever.

21. On April 27, 2010, Attorney Hipple submitted a follow-up discovery request for the Recordings. The Weare Police Prosecutor did not answer this request.

22. On May 19, 2010, Attorney Hipple sent a third discovery request. Again, Attorney Hipple received no response of any kind.

23. On May 25, 2010, Ms. Gericke attended what was to be her probable cause hearing for the all of the above-described charges. She was prepared to prove that her conduct did not violate the statute. However, Attorney Baumann ("Prosecutor") informed Attorney Hipple that she was dropping all charges.

24. Ms. Gericke objected to the charges being dropped. Ms. Gericke objected because she wished to prove her innocence and was concerned about a pattern where people have been arrested, their cameras seized, their footage erased and then the charges dropped. Furthermore, Ms. Gericke wished finally to settle by court ruling that citizens openly recording public officials doing public duties in public is not a violation of RSA 570-A, the State's wiretapping statute.

25. Ms. Gericke also filed a motion to return property. The State objected claiming that there were pending charges, despite having dropped all charges the same day and failing to pursue a probable cause hearing.

26. Despite dropping the charges, the Prosecutor said she would be asking the County Attorney to indict Ms. Gericke. Based on the promise to send charges to the County Attorney, Attorney Hipple called the Prosecutor on May 26, 2010 and asked when the

Prosecutor planned to provide dashboard camera video.  The Prosecutor stated that she was "not going to answer" discovery requests related to the dashboard camera footage because there were "no pending charges."

27. There has been no indictment.  In fact, Attorney Hipple called the County Attorney's office on June 14, 2010 and again on February 3, 2011 and they have no file whatsoever bearing the name Carla Gericke.  Therefore, upon information and belief, there has been no effort to have the supposed "crime" tried by the County Attorney.

28. Because the Prosecutor refused to answer discovery requests, Attorney Hipple filed a Right to Know request under RSA 91-A on Ms. Gericke's behalf on May 26, 2010.  In contrast to earlier claims that there were no pending charges, the State first claimed an exemption based on the contention that the case was "in the process of prosecution" and therefore subject to the discovery rules.  Attorney Hipple sent a follow-up request claiming there was no pending criminal matter.  The Prosecutor answered this letter on June 8, 2010 claiming that "State v. Carla Gericke is a criminal matter in which there is an ongoing investigation."  However, the State still refused to provide the footage through discovery.

29. A mere 19 hours prior to the hearing on the 91-A petition in Superior Court, Attorney Specter, representing the Town of Weare, called Attorney Hipple to inform him that the dashboard camera footage requested no longer existed.

30. On, November 15, 2010, the Weare Police Department sent a letter directly to Ms. Gericke despite knowing that she was represented by counsel.  The letter contained a return for an alleged warrant to search Ms. Gericke's camera.  It did not contain a copy of a warrant.

31. On January 14, 2011, Attorney Hipple sent a letter to the Prosecutor demanding a copy of the search warrant and demanding that all future correspondence be sent to Ms. Gericke's attorney in compliance with Rule 4.2 of the New Hampshire Rules of Professional Conduct.

32. On February 16, 2011, Attorney Hipple spoke to the Prosecutor and again requested a copy of the alleged warrant, which he had still not received.  The Prosecutor stated she would send the warrant and related documents.  Attorney Hipple received a fax soon after which contained only the return and an un-executed affidavit, but no warrant.

33. Attorney Hipple sent a letter on February 17, 2011 once again requesting a copy of the warrant.

34. Receiving no response, Attorney Hipple sent another letter on March 1, 2011 requesting a copy of the warrant.  Attorney Hipple has not received a copy of the warrant to date.

35. On April 28, 2011, the Goffstown District Court ordered that the Defendant PD return Plaintiff's camera to her Attorney.

36. Ms. Gericke is a member of the Free State Project ("FSP").  Upon information and belief the Weare Police Department maintains a file on the Project, and unlawfully targets members of the FSP.

37. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered damages, including legal fees, pain and suffering, humiliation, damage to her reputation, and further losses as more fully set forth in the Prayer for Relief.

CLAIMS

Count I

(Defendant Officers and Defendant Begin Maliciously Prosecuted Plaintiff in Violation of her Fourth Amendment Right under the U.S. Constitution as applied to the States through the 14th Amendment)

38. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 37 of the Complaint.

39. Malicious prosecution is a violation of the Fourth Amendment to the U.S. Constitution as applied to the States through the 14th Amendment.

40. Defendants deprived Plaintiff of her liberty when they arrested her and initiated the illegal wiretapping, disobeying a police officer, and obstructing government administration charges against her.

41. Defendants Officers and Defendant Begin willfully, wantonly, and with evil motive, maliciously subjected Plaintiff to criminal prosecution, initiated without probable cause and with malice, the result of which ended in Plaintiff's favor.

42. As a proximate result of Defendants' willful and wanton intentional malicious prosecution of the Plaintiff done with evil motive, Plaintiff has suffered damages, such as legal fees, pain and suffering, humiliation, damage to her reputation, and further losses as more fully set forth in the Prayer for Relief.

Count II

(Defendant Officers Unreasonably Seized Plaintiff by using Excessive Force in Violation of the Fourth Amendment to the U.S. Constitution as Applied to the States Through the 14th Amendment)

43. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 42 of the Complaint.

44. Defendant Officers seized the Plaintiff by arresting her.

45. Defendant Officers willfully, wantonly, and with evil motive, used excessive force in arresting the Plaintiff by arresting her without probable cause to do so.

46. Use of excessive force in effecting an arrest is a violation of the Fourth Amendment to the U.S. Constitution as applied to the States through the Fourteenth Amendment to the U.S. Constitution.

47. As a proximate result of Defendants' willful and wanton use of excessive force by the Defendant Officers, the Plaintiff has suffered damages such as legal fees and costs, pain and suffering, humiliation, damage to her reputation, and further losses as more fully set forth in the Prayer for Relief.

<u>Count III</u>

(Defendant Officers Unlawfully Searched Plaintiff in Violation of the Fourth Amendment to the U.S. Constitution as applied to the States through the 14th Amendment)

48. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 47 of the Complaint.

49. Defendant Officers willfully, wantonly and with evil motive, unlawfully searched Plaintiff.

50. Unlawful searches constitute violations of the Fourth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

51. As a proximate result of Defendants' willful and wanton unlawful search done with evil motive, Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, and further losses as more fully set forth in the Prayer for Relief.

Count IV

(Defendant Officers Unlawfully Seized and Retained Plaintiff's Camera in Violation of the Fourth Amendment as applied to the States through the 14th Amendment)

52. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 51 of the Complaint.

53. Defendant Officers unlawfully seized and retained Plaintiff's camera without a warrant, and failed to return the camera following the investigation's completion and when charges were dropped.

54. Unlawful seizures of personal property constitute violations of the Fourth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

55. As a proximate result of Defendants' willful and wanton unlawful seizure of Plaintiff's personal property done with evil motive, Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees and further losses as more fully set forth in the Prayer for Relief.

Count V

(Defendant Officers Unlawfully Searched Plaintiff's Camera in Violation of the Fourth Amendment as applied to the States through the 14th Amendment)

56. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 55 of the Complaint.

57. Defendant Officers willfully, wantonly and with evil motive, unlawfully searched Plaintiff's camera.

58. Unlawful searches constitute violations of the Fourth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

59. As a proximate result of Defendants' willful and wanton unlawful search of Plaintiff's personal property done with evil motive, Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees and further losses as more fully set forth in the Prayer for Relief.

## Count VI

(Defendant Officers Unlawfully Seized and Searched Plaintiff's Vehicle in Violation of the Fourth Amendment to the U.S. Constitution as Applied to the States Through the 14th Amendment)

60. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 59 of the Complaint.

61. Defendant Officers willfully, wantonly and with evil motive, unlawfully seized and searched Plaintiff's vehicle.

62. Unlawful seizures and searches constitute violations of the Fourth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

63. As a proximate result of Defendants' willful and wanton unlawful seizure and search of Plaintiff's personal property done with evil motive, Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees and further losses as more fully set forth in the Prayer for Relief.

## Count VII

(Defendant Officers and Defendant Begin Violated Plaintiff's First Amendment Free Speech Rights as applied to the States through the 14th Amendment)

64. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 63 of the Complaint.

65. Plaintiff was engaged in lawful First Amendment Activities, and when the Defendants arrested her and charged her with various criminal charges for doing so, the effect thereof was to chill protected speech.

66. Defendant Officers willfully, wantonly, and with evil motive unlawfully curbed Plaintiff's Free Speech rights.

67. Unlawfully curbing a person's Free Speech rights is a violation of the First Amendment to the U.S. Constitution as applied to the states through the Fourteenth Amendment.

68. As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's First Amendment right to Free Speech done with evil motive, the Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees, and further losses as more fully set forth in the Prayer for Relief.

<u>Count VIII</u>

(Defendant Officers Violated Plaintiff's First Amendment Right to Freedom of the Press, as applied to the States through the 14th Amendment)

69. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 68 of the Complaint.

70. Plaintiff was engaged in lawful First Amendment Activities, and when the Defendants arrested her and charged her with various crimes for doing so, the effect thereof was to chill protected Free Press Rights.

71. Defendant Officers willfully, wantonly, and with evil motive unlawfully curbed Plaintiff's Free Press rights.

72. Unlawfully curbing a person's Free Press rights is a violation of the First Amendment to the U.S. Constitution as applied to the states through the Fourteenth Amendment.

73. As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's Free Press rights done with evil motive, the Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees and further losses as more fully set forth in the Prayer for Relief.

### Count VIX

(Defendant Officers Violated Plaintiff's First Amendment Right to Freedom of Assembly, as applied to the States through the 14th Amendment)

74. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 73 of the Complaint.

75. Plaintiff was engaged in lawful First Amendment Activities, and when the Defendants arrested her for doing so, the effect thereof was to chill protected Assembly rights.

76. Plaintiff exercised her First Amendment right to Free Assembly by being a member of the Free State Project. Defendants target Free State Project members.

77. Defendants willfully, wantonly, and with evil motive, curbed Plaintiff's Free Assembly rights by arresting her and charging her with various criminal charges, the effect of which is to deter and chill Free Assembly rights.

78. As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's Free Assembly rights done with evil motive, the Plaintiff has suffered damages such as pain and suffering, legal fees, damage to her reputation, humiliation and further losses as more fully set forth in the Prayer for Relief.

## Count X

(Defendants Officers and Defendant Begin Maliciously Prosecuted Plaintiff in violation of Part I, Article 19 of the New Hampshire State Constitution)

79. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 78 of the Complaint.

80. Malicious prosecution is a violation of Part I, Article 19 of the New Hampshire State Constitution.

81. Defendants deprived Plaintiff of her liberty when they arrested her and initiated the illegal wiretapping, disobeying a police officer, and obstructing government administration charges against her.

82. Defendants Officers and Defendant Begin willfully, wantonly, and with evil motive, maliciously subjected Plaintiff to criminal prosecution, initiated without probable cause and with malice, the result of which ended in Plaintiff's favor.

83. As a proximate result of Defendants' willful and wanton intentional malicious prosecution of the Plaintiff done with evil motive, Plaintiff has suffered damages, such as legal fees, pain and suffering, humiliation, damage to her reputation and further losses as more fully set forth in the Prayer for Relief.

## Count XI

(Defendant Officers Unreasonably Seized Plaintiff in Violation of Part I, Article 19 of the New Hampshire State Constitution)

84. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 83 of the Complaint.

85. The Defendants seized the Plaintiff by arrested the Plaintiff.

86. Defendant Officers willfully, wantonly, and with evil motive, used excessive force in arresting the Plaintiff by arresting her without probable cause.

87. An arrest done without probable cause constitutes excessive force in violation of Part I, Article 19 of the New Hampshire State Constitution.

88. As a proximate result of Defendants' willful and wanton use of excessive force done with evil motive, the Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees and further losses as more fully set forth in the Prayer for Relief.

## Count XII

(Defendant Officers Unlawfully Searched Plaintiff in Violation of Part I, Article 19 of the New Hampshire State Constitution)

89. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 88 of the Complaint.

90. Defendant Officers willfully, wantonly, and with evil motive, unlawfully searched Plaintiff.

91. Unlawful searches constitute violations of Part I, Article 19 of the NH State Constitution.

92. As a proximate result of Defendants' willful and wanton unlawful search done with evil motive, Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation and further losses as more fully set forth in the Prayer for Relief.

## Count XIII

(Defendant Officers Unlawfully Seized and Retained Plaintiff's Camera in Violation of Part I, Article 19 of the New Hampshire State Constitution)

93. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 92 of the Complaint.

94. Defendant Officers willfully, wantonly, and with evil motive, unlawfully seized and retained Plaintiff's camera without a warrant, and failed to return camera following the investigation's completion and when charges were dropped.

95. An unlawful seizure of personal property is a violation of Part I, Article 19 of the New Hampshire State Constitution.

96. As a proximate result of Defendants' willful and wanton unlawful seizure of Plaintiff's personal property done with evil motive, Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees, and further losses as more fully set forth in the Prayer for Relief.

<u>Count XIV</u>

(Defendant Officers Unlawfully Searched Plaintiff's Camera in Violation of Part I, Article 19 of the New Hampshire State Constitution)

97. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 96 of the Complaint.

98. Defendant Officers willfully, wantonly, and with evil motive, unlawfully searched Plaintiff's camera.

99. Unlawful searches constitute violations of Part I, Article 19 of the NH State Constitution.

100.    As a proximate result of Defendants' willful and wanton unlawful search of Plaintiff's personal property done with evil motive, Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees, and further losses as more fully set forth in the Prayer for Relief.

<u>Count XV</u>

(Defendant Officers Unlawfully Seized and Searched Plaintiff's Vehicle in Violation of Part I,
Article 19 of the New Hampshire Constitution)

101.    Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 100 of the

Complaint.

102.    Defendant Officers willfully, wantonly and with evil motive, unlawfully seized

and searched Plaintiff's vehicle.

103.    Unlawful searches constitute violations of Part I, Article 19 of the New

Hampshire Constitution.

104.    As a proximate result of Defendants' willful and wanton unlawful seizure and

search of Plaintiff's personal property done with evil motive, Plaintiff has suffered

damages such as pain and suffering, humiliation, damage to her reputation, legal fees and

further losses as more fully set forth in the Prayer for Relief.

<u>Count XVI</u>

(Defendant Officers Violated Plaintiff's Right to Freedom of Speech in violation of Part I,
Article 22 of the New Hampshire Constitution)

105.    Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 104 of the

Complaint.

106.    Plaintiff was engaged in lawful First Amendment Activities, and when the

Defendants arrested her and charged her with various criminal charges for doing so, the

effect thereof was to chill protected speech.

107.    Defendant Officers willfully, wantonly, and with evil motive unlawfully curbed

Plaintiff's Free Speech rights.

108.     Unlawfully curbing a person's Free Speech rights is a violation of the Part I,

Article 22 of the New Hampshire State Constitution.

109.     As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's

Free Speech Rights done with evil motive, the Plaintiff has suffered damages such as

pain and suffering, humiliation, damage to her reputation, legal fees, and further losses as

more fully set forth in the Prayer for Relief.

<u>Count XVII</u>

(Defendant Officers Violated Plaintiff's Right to Freedom of the Press in violation of Part I,
Article 22 of the New Hampshire Constitution)

110.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 109 of the

Complaint.

111.     Plaintiff was engaged in lawful First Amendment Activities, and when the

Defendants arrested her and charged her with various criminal charges for doing so, the

effect thereof was to chill protected Free Press rights.

112.     Unlawfully curbing a person's Free Press rights is a violation of Part I, Article 22

of the New Hampshire State Constitution.

113.     As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's

Free Press rights, done with evil motive, the Plaintiff has suffered damages such as pain

and suffering, humiliation, damage to her reputation, legal fees, and further losses as

more fully set forth in the Prayer for Relief.

<u>Count XVIII</u>

(Defendant Officers Violated Plaintiff's Right to Free Assembly in violation of Part I, Article 32 of the New Hampshire Constitution)

114.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 113 of the Complaint.

115.     Plaintiff exercised her New Hampshire State Constitutional right to Free Assembly by being a member of the Free State Project.

116.     Defendants willfully, wantonly, and with evil motive, curbed her Free Assembly right by arresting her and charging her with various criminal charges, the effect of which is to deter and chill Free Assembly rights.

117.     Defendants continue to target Free State Project members, thus curbing the Free Assembly rights of all members.

118.     As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's Free Assembly rights done with evil motive, the Plaintiff has suffered damages such as pain and suffering, humiliation, damage to her reputation, legal fees, and further losses as more fully set forth in the Prayer for Relief.

<u>Count XIX</u>

(Defendants Officers Maliciously Prosecuted Plaintiff)

119.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 118 of the Complaint.

120.     Defendants Officers maliciously prosecuted Plaintiff in violation of New Hampshire common law.

121.     Defendants Officers subjected Plaintiff to a criminal prosecution initiated without probable cause and with malice, and the criminal proceeding ended in Plaintiff's favor.

122.     As a proximate result of Defendants' intentional malicious prosecution of Plaintiff done with evil motive, Plaintiff has suffered damages, such as legal fees, pain and suffering, humiliation, damage to her reputation, and further losses as more fully set forth in the Prayer for Relief.

## Count XX

(Defendant Officers Intentionally Inflicted Emotional Distress upon Plaintiff)

123.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 122 of the Complaint.

124.     Defendant Officers intentionally inflicted emotional distress upon Plaintiff when performing all unlawful actions complained of.

125.     As a proximate result of Defendants' intentional infliction of emotional distress upon the Plaintiff, done with evil motive, Plaintiff has suffered damages, such as pain and suffering, and further losses as more fully set forth in the Prayer for Relief.

## Count XXI

(Defendant Officers Falsely Imprisoned Plaintiff)

126.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 125 of the Complaint.

127.     Defendant Officers falsely imprisoned Plaintiff because they acted with the intent of confining her within boundaries fixed by the Defendant Officers.

128.     Defendant Officers' actions directly and/or indirectly resulted in the Plaintiff's confinement.

129.     Plaintiff knew about the confinement and/or was harmed by it.

130.     Defendant Officers acted without legal authority when confining Plaintiff.

131.     As a proximate result of Defendants' intentional false imprisonment of the Plaintiff done with malice, Plaintiff has suffered damages, such as pain and suffering, legal fees, humiliation, damage to her reputation, and further losses as more fully set forth in the Prayer for Relief.

Count XXII

(Defendant Officers Trespassed Plaintiff's Chattel)

132.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 131 of the Complaint.

133.     Defendant Officers trespassed Plaintiff's chattel when they intentionally seized her camera and automobile.

134.     The camera is impaired as to its condition, quality or value.

135.     Defendant Officers continue to deprive Plaintiff of the use of the camera for a substantial time period, and it has yet to be returned to her.

136.     The Defendant Officers intentionally deprived Plaintiff of the use of her vehicle.

137.     As a proximate result of Defendants' intentional trespass to chattels, Plaintiff has suffered damages, such as pain and suffering, humiliation, damage to her reputation, legal fees, the value of the camera, the cost to obtain her vehicle back from the Defendants and further losses as more fully set forth in the Prayer for Relief.

Count XXIII

(Defendant Officers Committed Conversion – Took and Retained Camera)

138.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 137 of the Complaint.

139.    Defendant Officers converted Plaintiff's chattel in violation of New Hampshire common law when they intentionally took her camera and did not return it, thus seriously interfering with Plaintiff's right to control the camera.

140.    As a proximate result of Defendants' intentional conversion done with malice, Plaintiff has suffered damages, such as pain and suffering, humiliation, damage to her reputation, legal fees, the value of the camera, and further losses as more fully set forth in the Prayer for Relief.

## Count XXIV

(Defendant Officers Committed Conversion – Erased Content of Camera)

141.    Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 140 of the Complaint.

142.    Defendant Officers intentionally erased the content of camera while they retained it for a substantial amount of time.

143.    As a result, the content is not recoverable.

144.    As a proximate result of Defendants' intentional conversion done with malice, Plaintiff has suffered damages, such as pain and suffering, and further losses, humiliation, damage to her reputation, legal fees, and further losses as more fully set forth in the Prayer for Relief.

## Count XXV

(Defendant Officers' liability for assault)

145.    Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 144 of the Complaint.

146.     The Defendant Officers made threats of unprivileged and unlawful contact with the Plaintiff and took steps to make such unprivileged and unlawful contact with the Plaintiff of which the Plaintiff was fearful.

147.     As a result of the Defendant Officers' tortious assault upon the Plaintiff, the Plaintiff has suffered humiliation, injury to her reputation, pain and suffering, legal fees and costs, and further losses as more fully set forth in the Prayer for Relief.

<u>Count XXVI</u>

(Defendant Officers' committed battery against the Plaintiff)

148.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 147 of the Complaint.

149.     The Defendant Officers caused unprivileged and unlawful contact between themselves and the Plaintiff.

150.     As a proximate result of Defendant Officers' tortious battery upon the Plaintiff, the Plaintiff has suffered humiliation, injury to her reputation, pain and suffering, legal fees and costs, and further losses as more fully set forth in the Prayer for relief.

<u>Count XXVII</u>

(Defendant Begin is Vicariously Liable as a Supervisor for the Defendant Officers' Common Law Tortious Conduct)

151.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 150 of the Complaint.

152.     Defendant Officers were acting within the scope of their employment when they committed the tortious conduct.

153.     The Defendants' actions benefited Defendant Begin.

154.     As a proximate result of the Defendant Officers' tortious actions, of which

Defendant Begin is responsible as the Defendant Officers' supervisor, the Plaintiff has

suffered humiliation, injury to her reputation, legal fees, pain and suffering, and further

losses as more fully set forth in the Prayer for Relief.

<u>Count XXVIII</u>

(Defendant PD is vicariously liable for Defendants' common law tortious conduct)

155.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 154 of the

Complaint.

156.     Defendants were acting within the scope of their employment when they caused

harm to Plaintiff.

157.     Defendants performed actions that benefited Defendant PD.

158.     As a proximate result of Defendants' common law tortious conduct, for which

Defendant PD is responsible as their employer, Plaintiff has suffered damages, including

pain and suffering, humiliation, damage to her reputation, legal fees and further losses as

more fully set forth in the Prayer for Relief.

<u>Count XXVIX</u>

(Defendant Town is Vicariously Liable for Defendant Officers', Defendant Begin's and
Defendant PD's Common Law Tortious Conduct)

159.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 158 of the

Complaint.

160.     Defendant Officers were acting within the scope of their employment when they

committed the tortious conduct.

161.     The Defendant Officers' actions benefitted the Defendant Town.

162.     As a proximate result of the Defendant Officers' tortious actions, of which

Defendant Town is responsible as the Defendant Officers' supervisor, the Plaintiff has

suffered humiliation, injury to her reputation, pain and suffering, legal fees and further

losses as more fully set forth in the Prayer for Relief.

<u>Count XXX</u>

(Defendant Begin is Liable for Negligent Training and Supervision)

163.     The Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 162 of

the Complaint.

164.     Defendant Begin trained and supervised the Defendant Officers.

165.     Defendant Begin failed to properly train and supervise the Defendant Officers by

maintaining a policy, custom, or both which caused and/or allowed the Defendants'

unlawful unconstitutional conduct to occur thereby causing harm to the Plaintiff.

166.     As a proximate result of Defendant Begin's failure to properly train and supervise

the Defendant Officers, the Plaintiff suffered humiliation, injury to her reputation, legal

fees, pain and suffering and further damages as more fully set forth in the Prayer for

Relief.

<u>Count XXXI</u>

(Defendant PD is Liable for Negligent Training and Supervision)

167.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 166 of the

Complaint.

168.     Defendant PD trained and supervised the Defendant Officers and Defendant

Begin.

169.     Defendant PD failed to properly train and supervise the Defendant Officers and Defendant Begin by maintaining a police, custom, or both which caused and/or allowed the Defendants' unlawful unconstitutional conduct to occur thereby causing harm to the Plaintiff.

170.     As a proximate result of the Defendant PD's failure to train and supervise, the Plaintiff suffered humiliation, damage to her reputation, pain and suffering, legal fees and further injuries as more fully set forth in the Prayer for Relief.

Count XXXII

(Defendant Town is Liable for Negligent Training and Supervision)

171.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 170 of the Complaint.

172.     Defendant Town trained and supervised the Defendant Officers and Defendant Begin.

173.     Defendant Town failed to properly train and supervise the Defendant Officers and Defendant Begin by maintaining a police, custom, or both which caused and/or allowed the Defendants' unlawful unconstitutional conduct to occur thereby causing harm to the Plaintiff.

174.     As a proximate result of the Defendant Town's failure to train and supervise, the Plaintiff suffered humiliation, injury to her reputation, humiliation, legal fees, pain and suffering, and further losses as more fully set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

### DAMAGES

#### *Federal Constitutional Violations*

A.  That the Plaintiff be awarded compensatory damages to recover legal fees and costs incurred to defend the unlawful and unconstitutional malicious criminal prosecution.

B.  That the Plaintiff be awarded compensatory damages for humiliation, pain and suffering, and injury to her reputation suffered as a result of the unlawful and unconstitutional malicious prosecution by the Defendants.

C.  That the Plaintiff be awarded compensatory damages to recover legal fees and costs resulting from interference with her property rights.

D.  That the Plaintiff be awarded compensatory damages to recover for humiliation, pain and suffering, injury to her reputation, and the cost of her camera and the cost to replace said personal property which was unlawfully and unconstitutionally seized and searched.

E.  That the Plaintiff be awarded presumed damages for the use of excessive force in effecting an unlawful arrest under the United States Constitution as applied to the States through the Fourteenth Amendment.

F.  That the Plaintiff be awarded compensatory damages to recover for humiliation, pain and suffering, and injury to her reputation for the unlawful search of her person conducted by the Defendants.

G.  That the Plaintiff be awarded reasonable punitive damages for the Defendants' evil motive in violating her rights under the United States Constitution as applied to the States through the Fourteenth Amendment.

H.  That the Plaintiff be awarded costs and reasonable attorney's fees in accordance with 42 U.S.C. §1988.

I.  That the Plaintiff be awarded compensatory damages to recover for humiliation, pain and suffering, injury to her reputation, and her legal fees and costs for Defendant Begin's, Defendant PD's and Defendant Town's failure to train and supervise the Defendants.

*State Constitutional Violations*

J.  That the Plaintiff be awarded compensatory damages to recover legal fees and costs incurred to defend the unlawful and unconstitutional malicious criminal prosecution.

K.  That the Plaintiff be awarded compensatory damages for humiliation, pain and suffering, and injury to her reputation suffered as a result of the unlawful and unconstitutional malicious prosecution by the Defendants.

L.  That the Plaintiff be awarded compensatory damages to recover legal fees and costs resulting from interference with her property rights.

M.  That the Plaintiff be awarded compensatory damages to recover for humiliation, pain and suffering, injury to her reputation, and the cost of her camera and the cost to replace said personal property which was unlawfully and unconstitutionally seized and searched.

N.  That the Plaintiff be awarded presumed damages for the use of excessive force in effecting an unlawful arrest under the New Hampshire State Constitution.

O.  That the Plaintiff be awarded compensatory damages to recover for humiliation, pain and suffering, and injury to her reputation for the unlawful search of her person conducted by the Defendants.

P.  That the Plaintiff be awarded reasonable punitive damages for the Defendants' evil motive in violating her rights under the New Hampshire State Constitution.

Q.  That the Plaintiff be awarded costs and reasonable attorney's fees.

R.  That the Plaintiff be awarded compensatory damages to recover for humiliation, pain and suffering, injury to her reputation, and her legal fees and costs for Defendant Begin's, Defendant PD's and Defendant Town's failure to train and supervise the Defendants.

*Common Law Violations*

S.  That the Plaintiff be awarded compensatory damages for humiliation, pain and suffering, legal fees and costs, damage to her reputation, and property losses for all common law tortious conduct by the Defendants.

T.  That the Plaintiff be awarded such other and further relief as this Honorable Court deems just.

DECLARATORY RELIEF

U.  A declaration that video and audio recording public officials, including police officers, engaged in their public duties, within a public forum, even without said public official's consent, does not constitute illegal wiretapping pursuant to RSA 570-A, and is further protected by the First Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

V.  A declaration that the Weare Police Department's repeated intentional targeting of Free State Project members and curbing of their assembly rights are violations of those members' First Amendment Rights as applied to the States through the Fourteenth Amendment.

W.  A declaration that the Weare Police Department's repeated intentional targeting of Plaintiff and curbing her assembly rights are violations of her First Amendment constitutional rights.

<u>INJUNCTIVE RELIEF</u>

X.   That the Weare Police Department be enjoined from arresting Plaintiff for video and

audio recording public officials, including police officers, engaged in their public duties,

within a public forum, even without said public official's consent.

Y.   That the Weare Police Department be enjoined from bringing charges against Plaintiff for

the activities described in Paragraph X.

Z.   That the Weare Police Department be enjoined from arresting others for the activities

described in Paragraph X.

AA.      That the Weare Police Department be enjoined from bringing charges against

others for the activities described in Paragraph X.

BB.      That the Weare Police Department be enjoined from unlawfully seizing personal

property from others.

CC.      That the Weare Police Department immediately return all personal property,

including, but not limited to Plaintiff's camera, to the Plaintiff.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: May 9, 2011

The Law Offices of
Martin & Hipple, PLLC

By /s/Stephen T. Martin_____
Stephen T. Martin, Esq.
NH Bar # 19567
36 Warren Street, Suite 1
Concord, NH 03301
1-877-645-2909
smartin@nhlegalservices.com

By/s/Seth J. Hipple_____
Seth J. Hipple, Esq.
NH Bar # 19555
36 Warren Street, Suite 1
Concord, NH 03301
1-877-645-2909
sjhipple@nhlegalservices.com

Carla Gericke
10 Benning Street, PMB 151
West Lebanon, NH 03784