UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Carla Gericke, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 11-CV-231-SM |
| Chief Gregory C. Begin, ) | |
|    Individually and Officially, ) | |
| Lieutenant James J. Carney, ) | |
|    Individually and Officially, ) | |
| Sergeant Joseph Kelley, ) | |
|    Individually and Officially, ) | |
| Officer Brandon Montplaisir ) | |
|    Individually and Officially, ) | |
| Weare Police Department, and ) | |
| The Town of Weare, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PARTIES' ASSENTED-TO PROPOSED JOINT DISCOVERY PLAN
### Fed R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** August 3, 2011 via e-communication and telephone conference.

**COUNSEL REPRESENTING:**

    **Plaintiff:**    Stephen T. Martin, Esq.
                      Seth J. Hipple, Esq.
                      The Law Offices of Martin & Hipple, PLLC
                      36 Warren Street, Suite 1, Concord, NH 03301
                      (877) 645-2909

    **Defendants:**  Charles P. Bauer, Esq.
                      Robert Dietel, Esq.
                      Gallagher, Callahan & Gartrell, P.C.
                      214 N. Main St., P.O. Box 1415
                      Concord, NH 03302-1415
                      603-228-1181

**CASE SUMMARY:**

**Plaintiff:**

Plaintiff seeks recovery for violations of her Federal Constitutional Rights, her State Constitutional Rights, and various common law torts from which she suffered damages as a proximate result.

**Defendant:**

Plaintiff, Carla Gericke, was arrested by the Town of Weare Police Department on March 24, 2010. Plaintiff was charged with disobeying a police officer, obstructing government administration, and illegal wiretapping pursuant to RSA 570-A. All other facts are contested. *See* Complaint and Answer.

**THEORY OF LIABILITY:**

Plaintiff has alleged the following claims:

    a. **Count I**: Malicious Prosecution – 4th Amendment – Defendant Officers and Begin;

    b. **Count II**: Illegal Seizure and Excessive Force – 4th Amendment – Defendant Officers;

    c. **Count III**: Illegal Search – 4th Amendment – Defendant Officers;

    d. **Count IV**: Illegal Seizure and Retention of Property – 4th Amendment – Defendant Officers;

    e. **Count V**: Illegal Search of Camcorder – 4th Amendment – Defendant Officers;

    f. **Count VI**: Illegal Search and Seizure of Motor Vehicle – 4th Amendment – Defendant Officers;

    g. **Count VII**: First Amendment Free Speech – Defendant Officers and Begin;

    h. **Count VIII**: First Amendment Freedom of Press – Defendant Officers;

    i. **Count VIX** [sic]: First Amendment Freedom of Assembly – Defendant Officers;

    j. **Count X**: Malicious Prosecution – New Hampshire Constitution – Defendant Officers and Begin;

k. **Count XI**: Illegal Seizure – New Hampshire Constitution – Defendant Officers;

l. **Count XII**: Illegal Search – New Hampshire Constitution – Defendant Officers;

m. **Count XIII**: Illegal Seizure and Retention of Camcorder – New Hampshire Constitution – Defendant Officers;

n. **Count XIV**: Illegal Search of Camcorder – New Hampshire Constitution – Defendant Officers;

o. **Count XV**: Illegal Search and Seizure of Motor Vehicle – New Hampshire Constitution – Defendant Officers;

p. **Count XVI**: Freedom of Speech – New Hampshire Constitution – Defendant Officers;

q. **Count XVII**: Freedom of Press – New Hampshire Constitution – Defendant Officers;

r. **Count XVIII**: Freedom of Assembly – New Hampshire Constitution – Defendant Officers;

s. **Count XIX**: Malicious Prosecution – Common Law – Defendant Officers;

t. **Count XX**: Intentional Infliction of Emotional Distress – Common Law – Defendant Officers;

u. **Count XXI**: False Imprisonment – Common Law – Defendant Officers;

v. **Count XXII**: Trespass to Chattel – Common Law – Defendant Officers;

w. **Count XXIII**: Conversion of Camcorder – Common Law – Defendant Officers;

x. **Count XXIV**: Conversion of Contents of Camcorder – Common Law – Defendant Officers;

y. **Count XXV**: Assault – Common Law – Defendant Officers;

z. **Count XXVI**: Battery – Common Law – Defendant Officers;

aa. **Count XXVII**: Vicarious Liability – Common Law – Defendant Begin;

    bb. **Count XXVIII**: Vicarious Liability – Common Law – Defendant Police Department;

    cc. **Count XXVIX** [sic]: Vicarious – Common Law – Defendant Town;

    dd. **Count XXX**: Negligent Training and Supervision – Common Law – Defendant Begin;

    ee. **Count XXXI**: Negligent Training and Supervision – Common Law – Defendant Police Department; and

    ff. **Count XXII**: Negligent Training and Supervision – Common Law – Defendant Town.

**THEORY OF DEFENSE:**

Police Defendants have denied all liability and damages and have asserted the following defenses:

1. Police Defendants have denied they violated any constitutional, federal, state, statutory, or common law rights of Plaintiff.

2. Plaintiff's complaint has failed to state proper claims for which relief may be granted.

3. Plaintiff's claims are barred by the doctrines of municipal immunity and discretionary function immunity.

4. Plaintiff's claims are barred by the doctrines of individual official immunity and qualified immunity.

5. Police Defendants have raised the doctrines of res judicata, the Rooker-Feldman Doctrine and collateral estoppel.

6. Police Defendants are entitled to official, good faith, qualified immunities while acting within the scope of their employment.

7. Police Defendants are entitled to statutory and common law immunities, including but not limited to R.S.A. 507-B: 2; R.S.A. 507-B:4; R.S.A. 507-B:5, RSA 627:1 et. seq.; R.S.A. 507:8-d.

8. Police Defendants are entitled to the statutory and common law limitations of liability, including but not limited to R.S.A. 507-B:4.

9. Police Defendants actions were not the proximate cause of any constitutional,

>    statutory, or common law injury to Plaintiff.
>
>    10. No punitive or enhanced damages are warranted or permitted.  R.S.A. 507-B:4(II) and (IV).

Police Defendants have reserved the right to add additional defenses as discovery proceeds and have requested a trial by jury with no fewer than 6 jurors.

**DAMAGES:**

Plaintiff seeks money damages: compensatory damages; presumed damages; punitive damages not yet defined; and attorney's fees and costs.

Defendants deny that Plaintiff sustained any damages.

**DEMAND:**   November 1, 2011

**OFFER:**  December 15, 2011

**JURISDICTIONAL QUESTIONS:**  None.

**QUESTIONS OF LAW:**  None at this time; however, the parties reserve the right to raise questions of law as they arise and other Rule 12(b) issues.

**TYPE OF TRIAL:**  Jury.

**DISCOVERY:**

**TRACK ASSIGNMENT:**    STANDARD

**DISCOVERY NEEDED:**
Standard paper discovery, including interrogatories and requests for production, depositions of Plaintiff, Police Defendants and witnesses.

**MANDATORY DISCLOSURES** (Fed. R. Civ. P. 26(a)(1))
The parties have agreed not to require any Rule 26(a)(1) disclosures.

**ELECTRONIC INFORMATION DISCLOSURES** (Fed. R. Civ. P. 26(f)(3)(a-f))
The parties reserve the right to seek orders if necessary.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS** (Fed. R. Civ. P. 26(f))
None at this time. Any and all statements made to counsel prior to or during trial preparation as well as any attorney work-product.  Any of these materials inadvertently disclosed to the opposing party shall be reported to the disclosing party immediately, and shall be inadmissible at

trial by the discovering party.  Neither shall the discovering party be allowed to question the disclosing party about the inadvertently disclosed information.

**COMPLETION OF DISCOVERY:**  April 15, 2012

**INTERROGATORIES:**
A maximum of sixty (60) interrogatories by each party propounded upon any other party.  If any party propounds interrogatories to more than one other party, the propounding party may issue a maximum of sixty (60) interrogatories to each party.  Responses due forty five (45) days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**
A maximum of thirty (30) requests of admission by each party to any other party.  If any party requests an admission to more than one other party, the requesting party may make a maximum of thirty (30) requests to each party.  Responses due forty five (45) days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**
A maximum of twelve (12) depositions by Plaintiff and a maximum of twelve (12) depositions by the Defendants.

Depositions of each party shall be limited to six (6) hours each.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**

**Plaintiff:**     January 9, 2012
**Defendant:**  March 9, 2012

Plaintiff Supplementations under Rule 26(e) due time(s) or interval(s):  March 23, 2012
Defendant's Supplementations under Rule 26(e) due time(s) or interval(s):  April 6, 2012

**CHALLENGES TO EXPERT TESTIMONY:**   August 1, 2012

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If the defendant(s) claim that unnamed parties are at fault on a state law claim (See DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than October 1, 2011.  Plaintiff shall then have 30 days from the date of disclosure to amend the Complaint.

**JOINDER OF ADDITIONAL PARTIES:**
   **Plaintiff:**     November 1, 2011.
   **Defendant:**  December 1, 2011.

**THIRD-PARTY ACTIONS**:   December 1, 2011.

**AMENDMENT OF PLEADINGS:**
    **Plaintiff:**    November 1, 2011
    **Defendant:**    December 1, 2011

**DISPOSITIVE MOTIONS:**
    **To Dismiss:**    November 1, 2011
    **For Summary Judgment:**  May 1, 2012

**SETTLEMENT POSSIBILITIES:**
    The parties will provide a mediation status update by January 15, 2012.
    The parties may request use of the Federal Court mediation program.

**JOINT STATEMENT RE MEDIATION:**
    The parties will provide a mediation status update by January 15, 2012.
    The parties may request use of the Federal Court mediation program.

**WITNESSES AND EXHIBITS:**
    To be disclosed in accordance with Federal and Local Rules of Procedure: 10 days before final pretrial conference, but not less than 30 days before trial for lists (included in final pretrial statements); and 14 days after service of final pretrial statement for objections set by clerk's notice of trial assignment.

**TRIAL ESTIMATE:**  Five days.

**TRIAL DATE:**  Weeks of September 18, 2012 and September 24, 2012

**PRELIMINARY PRETRIAL CONFERENCE:**  The parties request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**  None.

Respectfully submitted,

Carla Gericke,

**LAW OFFICES OF
MARTIN & HIPPLE, PLLC**

Dated:   August 3, 2011       */s/Stephen T. Martin*
                              Stephen T. Martin, Esq.  NH Bar # 19567
                              36 Warren Street, Suite 1
                              Concord, NH 03301
                              877-645-2909

Dated:   August 3, 2011       Weare Police Department, et al.,
                              **GALLAGHER, CALLAHAN & GARTRELL, P.C.**

                              */s/ Charles P. Bauer*
                              Charles P. Bauer, Esq.  NH Bar # 208
                              214 N. Main St.
                              P.O. Box 1415
                              Concord, NH 03302-1415
                              603-228-1181