UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Carla Gericke, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 11-CV-231-SM |
| Chief Gregory C. Begin, | ) |
|    Individually and Officially, | ) |
| Lieutenant James J. Carney, | ) |
|    Individually and Officially, | ) |
| Sergeant Joseph Kelley, | ) |
|    Individually and Officially, | ) |
| Officer Brandon Montplaisir | ) PLAINTIFF'S REPLY TO |
|    Individually and Officially, | ) DEFENDANTS' OBJECTION TO |
| Weare Police Department, and | ) PLAINTIFF'S MOTION FOR |
| The Town of Weare, | ) JUDGMENT ON THE PLEADINGS |
| | ) |
| Defendants. | ) |
| | ) |

## FACTS

Plaintiff incorporates by reference, the facts as stated in her Memorandum of Law Supporting her Motion for Judgment on the Pleadings. For purposes of Point Heading II of this Response Memorandum, Plaintiff assumes the facts as stated by the Defendants to be true.

## ARGUMENT

**I. THE DEFENDANTS CANNOT UNILATERALLY CAUSE A CONVERSION TO SUMMARY JUDGMENT BY ASKING THAT THIS COURT RELY UPON EXTRINSIC EVIDENCE NOT MADE A PART OF THE PLEADINGS.**

Conversion is not appropriate in this case because the Defendant's introduction of extrinsic evidence was not appropriate. Plaintiff's 12(c) Motion rests solely on the facts as

1

contained within the Complaint and Answer[1], and therefore the Defendants cannot unilaterally cause a conversion to summary judgment by offering extrinsic evidence.  *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143 (9th Cir. 2003).  "The fate of [a Motion for Judgment on the Pleadings] will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts."  *Sax v. DiPrete*, No. 08-11662-RGS (D. MA. 2009) (citing *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004)).  If the Parties offer extrinsic evidence, the Court may convert the Motion to one for Summary Judgment.  Fed. R. Civ. P. 12 (c).

The First Circuit disfavors conversion when "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that a conversion might occur."  *Id*.  Finally, when the non-movant unilaterally enters extrinsic evidence, then conversion is not appropriate.  *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143 (9th Cir. 2003) ("Plaintiff's unilateral action was insufficient to cause a conversion").

Plaintiff filed her Complaint in May 2011.  Plaintiff filed her Motion immediately after the pleadings closed on December 2, 2011.[2]  Thus, admittedly, the first reason for disfavoring conversion is not applicable.  Similarly Plaintiff does not argue that she does not nor that the Defendants do not have reasonable notice that conversion might occur.  Thus, the third reason for disfavoring conversion does not apply.

On the other hand, discovery in this case is in its infancy.  Plaintiff propounded interrogatories in November 2011.  The Defendants did not answer the interrogatories until January 6, 2012.  The Defendants have not propounded interrogatories, or made any other

---

[1] Although Plaintiff relied upon attachments to the Defendants' Answer, said attachments are part of the Pleadings. F. R. Civ. P. 10(c).  Plaintiff did not direct this Court to any evidence outside of the pleadings in raising her Motion.
[2] December 1, 2011 was the last day upon which the Parties could amend the Pleadings.

discovery requests. Instead, the Defendants attempt to supplement their already supplemented Answer with additional extrinsic evidence by attaching said evidence to their Objection. Therefore, since discovery is "in its infancy," conversion is inappropriate, and the evidence to be considered for the purposes of Plaintiff's Motion should be limited to those contained in the pleadings.

II.   **EVEN IF THIS COURT CONSIDERS THE EXTRINSIC EVIDENCE SUBMITTED BY THE DEFENDANTS AND CONVERTS THE 12(C) MOTION TO ONE FOR SUMMARY JUDGMENT, THE DEFENDANTS HAVE NOT RAISED A GENUINE ISSUE OF MATERIAL FACT AS TO COUNTS I-IX.**

   A.   **There Is No Genuine Issue Of Material Fact That The Search, Seizure And Prosecution of Ms. Gericke Was Unlawful.**

   1.   **Ms. Gericke Was Not On A Highway As Required By RSA 265:1.**

Ms. Gericke was not on a "way" as defined by statute, and therefore, she could not be arrested and prosecuted for Disobeying a Police Officer. The Defendants rely on the definition of "way" as defined by N.H. Rev. Stat. Ann. § 259:125. However, the statute also instructs one to consider the "context" in which the word is used. *See* N.H. Rev. Stat. Ann. § 259:125 ("The following words and phrases when used in this title shall, for the purpose of this title, have the meanings respectively ascribed to them in this chapter, *except where the context otherwise requires*") (emphasis added).

One may only be criminally liable for disobeying a police officer if the person was on a "way." *See* N.H. Rev. Stat. Ann. § 265:1. Chapter 265 is entitled "Rules of the Road." N.H. Rev. Stat. Ann. § 265. The title of RSA § 265:1 is "Highways; Exceptions." *Id*. at §265:1. In 2008, the legislature amended RSA § 259:125. *See* N.H. Rev. Stat. Ann. § 259:125 (see effective date following statutory language). The legislature did not amend RSA § 265:1. *See* N.H. Rev. Stat. Ann. § 265:1 (see effective date following statutory language). This is where

"context" becomes important.

If the legislature intended that RSA § 259:125 control the "Rules of the Road" Chapter of the Motor Vehicle Title, then it would have repealed RSA § 265:1 or amended it to conform with RSA § 259:125. It did not do so. Thus, RSA § 265:1's title clearly defines "way" as "highway." Therefore, because she was not on a highway, the Defendants had no probable cause to arrest her for disobeying a police officer.

### 2. Even If "Way" As the Defendants Define it, Controls This Particular Situation, The Weare Middle School Parking Lot is Not a "Way."

The Defendants offer no evidence that the Weare School District is a public institution, therefore, the parking lot is not a "way" as defined by statute. Unless a paved surface is generally known to be a way, a court cannot take judicial notice that said surface is a "way." *State v. Gagnon*, 155 N.H. 418, 420 (2007). Indeed, evidence must be produced to prove that paved surface in question meets all the elements of the definition of "way." *Id*. First, the way must be provided by a public institution. *Id*. Second, it must be maintained by a public institution and the public institution must be the beneficiary of state funds appropriated for public use. *Id*.

Even if this Court takes the additional evidence the Defendants have provided, they have offered no facts which indicate that the *Weare School District* is a public institution. *See* Bolton Affidavit. Although they offer evidence that the *Weare Middle School* is a public institution, they offer only that the *Weare School District*, which does not pay taxes due to its "public nature," is the organization that maintains the paved roadway in and around the school. *See Id*. Therefore, there is no evidence that the parking lot at issue is maintained by a public institution.

Therefore, despite the multiple opportunities to offer proof that Ms. Gericke was on a "way" as defined by the statute, the Defendants have failed to do so. As such, the Defendants

4

did not have probable cause to arrest her and charge her with disobeying a police officer.

  **B.** **The Defendants Have Not Raised A Genuine Issue of Material Fact That the Defendants Had Probable Cause to Arrest and Prosecute Ms. Gericke for Obstructing Government Administration.**

The Defendants admit that the Plaintiff removed herself from the area of the criminal investigation.  Def. Ans. at Ex. A.  Although the Defendants attempt to argue that she "parked next" to Hanslin, who was on the highway, they admit on the other hand, that she actually parked in the Weare Middle School parking lot.  *Id*. and Def. Mem. At 7.  She could not have done both.  The Defendants then argue that Ms. Gericke did no more than yell at the Defendants and point her camera at them while they were attempting to detain Mr. Hanslin.  *Id*.  The totality of her actions does not give rise to probable cause to arrest and charge Ms. Gericke with Obstruction of Government Administration.  *See State v. McGurk*, 157 N.H. 765 (2008) (upholding a charge of Obstruction of Government Administration when, despite multiple requests to leave the scene, the defendant not only stayed at the scene, but angrily and threateningly approached the officer from behind while the officer was bent over and leaning inside a vehicle); *State v. Diamond*, 146 N.H. 691 (2001) (upholding the charge when the defendant was about to engage in resisting arrest); *State v. Blodgett*, 129 N.H. 163 (1987) (upholding the charge when the defendants pushed, held back, and otherwise physically obstructed the Trooper from making an arrest); *State v. Briggs*, 147 N.H. 131(upholding the charge when the defendant would not remove a vehicle that was obstructing the path of a Fish and Game officer).

All of the cases in which the New Hampshire Supreme Court has upheld the charge of Obstructing Government Administration have involved some sort of physical force exerted by the Defendant or attempt to commit a crime that would result in or did in fact cause an obstruction of government administration.  The Defendants have offered no evidence that the

Defendants could not conduct their duties. Thus, Ms. Gericke's filming from a safe distance combined with her repeated protests does not give rise to Obstructing Government Administration.

### C. The Defendants Cannot Raise a Genuine Issue of Material Fact that The Defendants Had Probable Cause to Arrest, Search, Seize and Prosecute Ms. Gericke for Illegal Interception of Oral Communications.

The *Glik* case is substantially similar to this case, and New Hampshire case law prevents the Defendants from relying on Ms. Gericke's protests as justifying her arrest and detention for the interception of oral communications. The New Hampshire Supreme Court holds police officers to a high standard of control when dealing with the general public, even in high intensity traffic stop cases. *See State v. Murray*, 135 N.H. 369, 372 (1992)[3] ("[i]nsofar as the theory of disorderly conduct rests on the tendency of the actor's behavior to provoke violence in others, one must suppose that policemen, employed and trained to maintain order, would be least likely to be provoked to disorderly responses.... 'A properly trained officer may reasonably be expected to "exercise a higher degree of restraint" than the average citizen, and thus be less likely to respond belligerently to "fighting words." ' ") (quoting *Lewis v. City of New Orleans*, 415 U.S. 130 (1974)); *see also State v. Alleman* (affirming *Glik*'s applicability to a motor vehicle stop).[4]

New Hampshire's standard is clear: Police Officers are assumed to be ready, willing and able to respond to heated words aimed at them during the discharge of their public duties. Therefore, the fact that Ms. Gericke filmed the Defendants and yelled as they did so, is clearly protected conduct. Therefore, she is entitled to judgment as a matter of law.

### III. THE DEFENDANTS HAVE NOT RAISED A GENUINE ISSUE OF MATERIAL FACT AS TO QULIFIED IMMUNITY.

Plaintiff incorporates by reference her argument pertaining to Qualified Immunity. In

---

[3] The conduct at issue was performed during a traffic stop.
[4] Plaintiff attached this opinion to her Memorandum Supporting her Motion for Judgment on the Pleadings.

addition, she states, that given the state of the law in New Hampshire, combined with the *Glik* case, the law was clearly established that the Defendants' conduct violated Plaintiff's Constitutional rights. Therefore, the Defendants are not entitled to qualified immunity.

## CONCLUSION

The Plaintiff is entitled to Judgment on the Pleadings based upon the facts contained in the Complaint and Answer. The Defendants (non-moving party) cannot unilaterally cause a conversion from 12(c) to summary judgment, and therefore, the additional extrinsic evidence offered by the Defendants should not be considered. The pleadings offer no genuine issue of material fact. Thus, Ms. Gericke is entitled to judgment as a matter of law on Counts I-IX.

Even if this Court *does* consider the extrinsic evidence offered by the Defendants, they still cannot raise a genuine issue of material fact that Ms. Gericke is entitled to judgment as to Counts I-IX. Ms. Gericke was not on a highway as required by RSA § 265:1. Ms. Gericke was not acting in a manner that was obstructing the Defendants from performing their duties. Finally, audio and video recording the Defendants performing their public duties is protected activity pursuant to *Glik*. This is supported by the assumed, inherent ability and requirement of police officers to conduct business even when confronted by the type of protests Ms. Gericke performed as held by *Murray* and *State v. Alleman* (implicitly). Therefore, Ms. Gericke is entitled to judgment as a matter of law on Counts I through IX.

Dated: January 19, 2012

> Respectfully submitted,
> Carla Gericke,
> By, The Law Offices of
> Martin & Hipple, PLLC
> /s/Stephen T. Martin
> Stephen T. Martin, Esq.
> 22 Bridge Street, Suite 3
> Concord, NH 03301
> 877-645-2909 (Ext. 1)
> smartin@nhlegalservices.com

NH Bar#: 19567
**CERTIFICATE OF SERVICE**

  COMES NOW Attorney Stephen T. Martin, Counsel for the Plaintiff, and hereby certifies that I have caused a copy of this Reply to be delivered to Charles Bauer and Robert Dietel, Counsel for the Defendants, using this Court's CM/ECF system.

Dated:  January 19, 2011       /s/Stephen T. Martin
                Stephen T. Martin, Esq.