UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
CARLA GERICKE, *
        Plaintiff *
v. *    Case No: 1:11-cv-00231-SM
TOWN OF WEARE, et al., *
        Defendants. *
*****************************************

**REPLY TO PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendants Town of Weare, New Hampshire, Weare Police Department, Weare Police Chief Gregory C. Begin, Weare Police Lieutenant James L. Carney, and Weare Police Officer Brandon Montplaisir submit the following Reply to Plaintiff's Objection to Defendants' Motions for Summary Judgment, and say:

1. Gericke's attempt to create a genuine dispute of material fact is unsuccessful. She has contradicted her own prior allegations in an effort to make her actions seem benign.[1] Despite her varying allegations, it cannot be genuinely disputed that probable cause existed to support her arrest for numerous violations of NH law. *See* Defendants' Motions for Summary Judgment and Defendants' Objections to Plaintiff's Motion for Summary Judgment.

2. Gericke's alleged subjective intentions are irrelevant. The events of March 25, 2010 must be viewed "from the perspective of a reasonable police officer on the scene" and must

---

[1] Compare allegations set forth in Plaintiff's Motion for Summary Judgment with Plaintiff's Objection to Defendants' Motions for Summary Judgment. For example, in Plaintiffs' Motion for Summary Judgment she states at page 1 that "Ms. Gericke verbally protested" the traffic stop. In Plaintiff's Objection to Defendants' Motions for Summary Judgment she states at page that 2 that she did not protest the stop and "merely asked about the reason for the stop." Similar contradictory allegations are throughout Plaintiff's pleadings, all in an attempt to create disputed facts, none of which are material.

embody an allowance for the fact that police officers are often forced to make split-second decisions.  *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (recognizing that police officers respond to "circumstances that are tense, uncertain, and rapidly evolving " and that their actions cannot be viewed with the "20/20 vision of hindsight").

3. Holding a camera in one's hands does not afford an individual the right to audio/video record and interfere with a traffic stop or disobey lawful orders. The right to record police officers is not absolute or unlimited. *See Glik v. Cunniffe*, 655 F.3d 78, 84 (1st Cir. 2011) (stating "[t]o be sure, the right to film is not unlimited"). Actions that interfere with a police officer's performance and duties are not protected. *See id*. (indicating that holding relates to "peaceful recording . . . that does not interfere with the police officers' performance of their duties"). The Defendants' actions and policies were in accord with the principles outlined in *Glik*. *See* Begin Deposition at 35-36, attached as Exhibit A to Affidavit of Robert Dietel (describing arrest as proper where video recording interferes with and/or disrupts police officers' duties).

4. Gericke's assertion that RSA 507-B is inapplicable is also incorrect. Defendants are not insured by an insurance policy "maintained through the Local Government Center." *See* Plaintiff's Motion for Summary Judgment at 31. Defendants are participants in the New Hampshire Public Risk Management Exchange ("Primex"); a pooled risk management program ("PRMP") under RSA 5-B. *See* Affidavit of Ty Gagne.

5. Defendants' participation in Primex does not preclude them from asserting statutory immunity under RSA 507-B.  Gericke's argument is unavailing and inconsistent with the decisions of all courts to consider the issue. *See, e.g.*, *Charles J. Bowser, Jr., Special Administrator of the Estate of Kenneth Countie v. Town of Epping*, No. 218-C-00232 (October

18, 2010) (J. McHugh) ("[T]his Court and many others have held that a pooled risk management program…is not an insurance company that would render RSA 507-B inoperative. Thus the statutory immunity called for is applicable when the insurance coverage in question is through [a PRMP].") (attached as Exhibit B to Dietel Aff.); *Doe I and II v. Concord School District*, No. 07-C-422 (October 26, 2010) (J. Smukler) (attached as Exhibit C to Dietel Aff.); *Fifield v. Pittsfield School District*, Grafton County Superior Court, No. 08-C-0155, pages 9-10 (April 9, 2009) (Vaughan, J.) (School District's participation in PRMP did not waive immunity defense; PRMP was not insurance; granted Motion to Dismiss) (attached as Exhibit D to Dietel Aff.); *Farm Family Casualty Ins. Co. v. Town of Rollinsford*, Strafford County Superior Court, No. 05-C-0203 (September 13, 2006) (Mohl, J.) (PRMP is not an insurance policy under RSA 412; granted Town's Motion to Dismiss based on RSA 507-B:5) (attached as Exhibit E to Dietel Aff.); *McGonigle v. Jabour*, Rockingham County Superior Court, No. 00-C-934 (July 31, 2002) (McHugh, J.) (Insurance Trust is a PRMP and not insurance; Salem School District was entitled to immunity; granted summary judgment for school district) (attached as Exhibit F to Dietel Aff.).

   6. RSA 507-B reads in relevant part:

> It shall be lawful for the state or any municipal subdivision thereof, including any county, city, town, school district, school administrative unit or other district, to procure the policies of insurance <u>described in RSA 412</u>. In any action against the state or municipal subdivision thereof to enforce liability on account of <u>a risk so insured against</u>, the insuring company or state or municipal subdivision thereof shall not be allowed to plead as a defense immunity from liability…

RSA 507-B:7-a (emphasis supplied). Immunity is unavailable if the Town of Weare procured insurance described in RSA 412. Because Primex is a PRMP under RSA 5-B and is not described in RSA 412, participation in Primex does not affect the applicability of RSA 507-B. Statutory construction and precedent dictate that participation in Primex does not preclude the

application of statutory or common law immunities. Statutory immunity under RSA 507-B is available as a defense and immunizes Defendants against Gericke's state law claims.

Summary judgment should be granted for all Defendants as to all claims asserted against them.[2]

                                                                        Respectfully submitted,

**TOWN OF WEARE, NH;**
**WEARE POLICE DEPARTMENT;**
**WEARE POLICE CHIEF GREGORY C.**
**BEGIN; WEARE POLICE LIEUTENANT**
**JAMES J. CARNEY; WEARE POLICE**
**OFFICER BRANDON MONTPLAISIR,**
**Individually and Officially**

By Their Attorneys,

**GALLAGHER, CALLAHAN &**
**GARTRELL, P.C.**

June 19, 2012                                                       /s/ Charles P. Bauer
                                                                        Charles P. Bauer, Esq. (NH Bar #208)
                                                                        Robert J. Dietel, Esq. (NH Bar # 19540)
                                                                        214 N. Main Street
                                                                        P.O. Box 1415
                                                                        Concord, NH 03302-1415
                                                                        (603) 228-1181
                                                                        bauer@gcglaw.com
                                                                        dietel@gcglaw.com

## CERTIFICATE OF SERVICE

        I, Charles P. Bauer, hereby certify that a copy of the foregoing was sent this date via ECF to Stephen T. Martin, Esq., Seth J. Hipple, Esq., and Corey Belobrow, Esq.

June 19, 2012                                                       /s/ Charles P. Bauer
                                                                          Charles P. Bauer, Esq. (NH Bar #208)

---

[2] Defendant Sergeant Joseph Kelley also joins in this Reply.