UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Carla Gericke, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 11-CV-00231-SM |
| Chief Gregory C. Begin, | ) |
|    Individually and Officially, | ) |
| Lieutenant James J. Carney, | ) |
|    Individually and Officially, | ) |
| Sergeant Joseph Kelley, | ) |
|    Individually and Officially, | ) |
| Officer Brandon Montplaisir | ) **PLAINTIFF'S SURREPLY TO** |
|    Individually and Officially, | ) **DEFENDANTS' REPLY TO** |
| Weare Police Department, and | ) **PLAINTIFF'S OBJECTION TO** |
| The Town of Weare, | ) **DEFENDANTS' MOTIONS FOR** |
| | ) **SUMMARY JUDGMENT** |
|     Defendants. | ) |
| | ) |

COMES NOW the Plaintiff, by and through the undersigned Counsel, and for her Surreply to Defendants' Reply to Plaintiff's Objection to Defendants' Motions for Summary Judgment, states as follows:

**MATERIAL PROCEDURAL FACTS[1]**

On May 7, 2012, Plaintiff (hereinafter "Carla") filed a Motion for Summary Judgment. Defendants filed their own Motions for Summary Judgment the same day. In her own Memorandum of Law Supporting her Motion for Summary Judgment, due to the varying factual accounts between the Parties, Carla recited the facts, for the most part using the Defendants'

---

[1] Carla responds solely to the Defendants' argument that she changed her understanding of the facts from one Memorandum of Law to another. Carla relies on her original Objection for her argument regarding RSA 507-B excepting that she mistakenly suggested that the Defendants are covered by LGC. She does not dispute that Primex is the insurer.

1

version of facts.[2]  Doing so helped her frame the facts in the light most favorable to the Defendants, the non-moving Parties, as well as minimize any disputed facts that the Defendants might assert in their Objection.

When Carla filed her Objection to Defendants' Motions for Summary Judgment, she alleged the facts in the light most favorable to her.  This means, she alleged the facts as she recounted them in her own testimony, which she clearly cited to.  She also cited to other evidence supported by the record.  Framing the facts in a different light, using different language depending upon whose version she used did not change her ultimate understanding of the facts.

## ARGUMENT

In applying the Summary Judgment standard, as more fully set forth by Federal Rules of Civil Procedure, Rule 56, the Court is to take the facts in the light most favorable to the non-moving party.  *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003); *see also Hunt v. Cromartie*, 526 U.S. 541, 550-55 (1999) (the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor).

Carla did as the Court is required to do: she pleaded the facts in her own Motion in the light most favorable to the Defendants assuming that the Court would believe the Defendants' version of facts to be true.  In her own Motion, she pleaded the facts in the light most favorable to her.  Carla's understanding of the facts did not change.  Carla's understanding of the sequence of events did not change.  She merely framed the facts in each Memorandum, as best as she could, in the light most favorable to the non-moving Party.

---

[2] Except where there is independent evidence beyond her own testimony to sustain a particular fact (e.g., that her camera has no red laser-like light).

## **CONCLUSION**

      Carla did nothing more than the Court is required to do.  For each Memorandum of Law, she cast her facts in the light most favorable to the non-moving Parties.  In her Memorandum supporting her own motion, she alleged the facts as alleged by the Defendants.  In her Memorandum objecting to the Defendants' Motions, she alleged the facts as she testified them to be.  The sequence of events did not change.  Her understanding of the facts did not change.  Therefore, the Court should consider the facts as Carla has framed them in her Objection without hesitation.

Dated:  July 16, 2012                      Respectfully submitted,
                                                Carla Gericke,
                                                By, The Law Offices of
                                                Martin & Hipple, PLLC

                                                _/s/Stephen T. Martin_____
                                                Stephen T. Martin, Esq.
                                                22 Bridge Street; Suite 3
                                                Concord, NH 03301
                                                603-856-0202 (Ext. 1)
                                                smartin@nhlegalservices.com
                                                NH Bar#: 19567

## **CERTIFICATE OF SERVICE**

     COMES NOW Attorney Stephen T. Martin, Counsel for the Plaintiff, and hereby certifies that I have caused a copy of the foregoing Surreply to be delivered to Counsel for the Defendants using this Court's CM/ECF system.

Dated:  July 16, 2012                       _/s/Stephen T. Martin_____
                                                Stephen T. Martin, Esq.