UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Carla Gericke,       Plaintiff, | ) ) ) | Civil Action No.: 11-CV-00231-SM |
| v. | ) ) | |
| Town of Weare, et al.,       Defendants. | ) ) ) ) ) ) ) | **PLAINTIFF'S FINAL PRE-TRIAL STATEMENT** |

COMES NOW the Plaintiff, Carla Gericke, by and through the undersigned Counsel and for her Final Pre-Trial Statement states as follows:

**1.   BRIEF STATEMENT OF THE CASE**

This case arises out of Officer Brandon Montplaisir's decision to arrest Carla Gericke for video and audio recording Sergeant Joseph Kelly while he conducted a motor vehicle stop as well as the subsequent prosecution for that offense by the Weare Police Department. The main theories of the case are Unlawful Arrest in violation of the 4th Amendment to the United States Constitution as well as Malicious Prosecution in violation of the 4th Amendment to the United States Constitution as well as related constitutional claims for unlawful searches of Carla's person and personal property.

**2.   WITNESSES**

   **a.   Present**

   i)   Carla Gericke
   ii)  Brandon Montplaisir
   iii) Joseph Kelley
   iv)  Gregory C. Begin
   v)   Lt. James Carney
   vi)  Catherine Bauman

    vii)    Tyler Hanslin
    viii)   William Rodriugez

  **b.**    **Call if Needed**

  i)   Evan Nappen, Esq.
  ii)  Louis Chatel
  iii) Custodian of Records – State Lab and/or Larry Amos
  iv) Hillsborough County Attorney's Office – Attorney Mike Valentine and Attorney Dennis Hogan
  v)  Ngod Gd Tran (Hanslin's passenger)
  vi) Officer Nick Nadeau
  vii) Officer Todd Aiken

Plaintiff has made a good faith effort to list all the witnesses she believes she will call at trial. However, Plaintiff reserves her right to identify and notice the Court and the Defendants of any additional witnesses she intends to call at trial as they become known or needed.

**3.**    **WRITTEN WAIVERS OF CLAIMS/DEFENSES**

    Plaintiff is not waiving any claims.

**4.**    **LIST OF DEPOSITIONS TO BE READ INTO EVIDENCE**

    Plaintiff reserves the right to read any available deposition into evidence as needed.

**5.**    **EXHIBIT LIST**

  **a.**    **EXPECTED TO OFFER**

  i)  Carla's Camera
  j)  Various Police Reports pertaining to the events the evening Carla was arrested.
  k)  Criminal Complaints filed against Carla
  l)  Relevant State Court Orders (Superior and District)
  m) Cover Sheet to the County Attorney
  n)  Depositions as necessary
  o)  Map and/or photographs of the location where the events occurred
  p)  Defendants' individual personnel files
  q)  Weare Police Department's Policies and Procedures pertaining to searches, seizures, and/or retention of physical evidence
  r)  Search Warrant for Carla's camera
  s)  Application for Serarch Warrant for Carla's camera
  t)  Results of Camera Search (including police reports)
  u)  Carla's Objection to the State's Nolle Pross of the charges against her
  v)  Carla's Motions to Return Property, the Defendants' objections thereto, and the subsequent Orders.

    w) State's various objections to Carla's motion to return property

  **b.    IF NECESSARY**

    i) Plaintiff has made a good faith effort to list all the exhibits she believes she will offer at trial. However, Plaintiff reserves her right to identify and notice the Court and the Defendants of any additional exhibits she intends to introduce at trial as they become known or needed.

**6.    PLAINTIFF'S POSITION RE: JERS**

Plaintiff prefers traditional evidentiary submission to the jury.

**7.    SPECIAL DAMAGES**

| | |
|---|---|
| Legal Fees & Costs (to defend criminal case) | $1,300 |
| Pain and Suffering: | Reasonable Award |
| Humiliation/Reputation: | Reasonable Award |
| Punitive: | Reasonable Award |

**8.    LATEST DEMAND AND OFFER**

In September 2011, Plaintiff demanded $70,000.00 to settle the matter. Defendants did not respond with a written declination or a counter offer. Therefore, in May 2012, Plaintiff formally withdrew her demand. No offer/demand has been made since.

**9.    STATEMENT OF ATTORNEY'S FEES AND COSTS**

Attorney's Fees (As of the drafting and filing of this Statement): $27,100.00
Costs: $2,802.99
Authority: 42 U.S.C. § 1988.
Note: Attorney's Fees and Costs continue to accrue.

**10.    REQUESTS FOR VIEW**

Plaintiff does not request a view.

**11.    ESTIMATED TRIAL LENGTH**

Plaintiff anticipates requiring four (4) full days for trial.

Dated: August 27, 2012        Respectfully submitted,
                                         Carla Gericke,
                                         By, The Law Offices of
                                         Martin & Hipple, PLLC

/s/Stephen T. Martin
Stephen T. Martin, Esq.
22 Bridge Street; Suite 3
Concord, NH 03301
603-856-0202 (Ext. 1)
smartin@nhlegalservices.com
NH Bar#: 19567

/s/Seth J. Hipple
Seth J. Hipple, Esq.
22 Bridge Street; Suite 3
Concord, NH 03301
603-856-0202 (Ext. 2)
sjhipple@nhlegalservices.com
NH Bar#: 19555

**CERTIFICATE OF SERVICE**

    COMES NOW Attorney Stephen T. Martin, Counsel for the Plaintiff, and hereby certifies that I have caused a copy of the foregoing to be delivered to Counsel for the Defendants using this Court's CM/ECF system.

Dated:  August 27, 2012    /s/Stephen T. Maritn
    Stephen T. Martin, Esq.