UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Carla Gericke, | ) | Civil Action No.: 11-CV-00231-SM |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Town of Weare, et al., | ) | |
|     Defendants. | ) | **PLAINTIFF'S PROPOSED JURY** |
| | ) | **INSTRUCTIONS** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | _____ |

COMES NOW the Plaintiff, Carla Gericke, by and through the Undersigned Counsel, and for her Proposed Jury Instructions states as follows:

**PROPOSED JURY INSTRUCTION #1**

**UNLAWFUL ARREST (UNREASONABLE FORCE)**

Unlawful arrest or detention is always unreasonable force.  Therefore, if a reasonable person in Defendant Montplaisir's position would not have reasonably believed, given the facts confronting him, that Carla was committing any of the crimes charged, then you must find that he unlawfully arrested her and therefore used unreasonable force.

You also need to know that the Defendants could not have had probable cause to arrest Carla for wiretapping because video and audio recording public officials doing their public duties in public is protected by the First Amendment.

Further, although the arrest may have been conducted by Defendant Montplaisir, but you find that Defendant Kelley ordered her detention, then Defendant Kelley, is equally as liable to Carla as Defendant Montplaisir.

Additionally, if you believe that it is more likely than not that Carla was trying to comply with Defendant Montplaisir's demand to see her license and registration, you must conclude that he did not have probable cause to arrest Carla for disobeying an officer.

Finally, if you believe that the obstructing government official charge was premised upon Carla's refusal to stop video/audio recording Defendant Kelley, then you must conclude that that charge was for protected First Amendment activity, and therefore invalid.  If indeed that is your conclusion, then you must conclude that Defendant Montplaisir did not have probable cause to arrest Carla for that offense.

In order to prove that the Defendants unlawfully arrested Carla, she need only show that it was more likely than not that the arrest was unlawful as I have defined it. You need not find any specific purpose or desire to deprive Carla of her rights in order to find in Carla's favor. Carla must prove only that the action itself was deliberate, and *not* that the resulting consequence was intended.

AUTHORITY: 42 U.S.C. § 1983; *Williamson v. Mills*, 65 F.3d 155 (11th Cir. 1995); *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #2

## MALICIOUS PROSECUTION

You need to know that every individual has the right to be free from malicious prosecution as protected by the Fourth Amendment to the United States Constitution. You must find the Defendants liable for malicious prosecution if you determine that it is more likely than not that:

1. The Defendants subjected Carla to criminal prosecution in the Goffstown District Court; and
2. The Defendants initiated the prosecution (merely charging Carla is sufficient to initiate prosecution); and
3. The Defendants lacked probable cause to prosecute Carla (if you find that Carla's actions were in fact protected by the First and Fourth Amendments of the Constitution, you must find that the Defendants lacked probable cause to prosecute her); and
4. In initiating the criminal proceedings against Carla, the Defendants did so with malice (meaning that the Defendants initiated the criminal proceedings, not for the purpose of bringing the plaintiff to justice, but did so primarily by reason of ill will or hostility or a desire to do harm for harm's sake); and
5. Carla ultimately prevailed on the criminal proceedings; and
6. That Carla was subjected, for any amount of time, to detention resulting from the charges initiating the criminal prosecution.

In determining whether the Defendants had probable cause to prosecute you must ask yourselves whether it is more likely than not that the Defendants did not have an honest and reasonable belief in Carla's guilt when Defendants initiated the criminal proceedings. You must consider the fact that Carla was charged with crimes for activities that are clearly protected by the First Amendment when conducting this analysis.

In determining whether malice existed, you must consider whether it is more likely than not that the Defendants' intentions were not to bring Carla to justice and enforce the criminal law, but whether the Defendants harbored personal hostility or ill will towards her. If the latter, you must find malice present. It is enough if you conclude that there is enough proof that the Defendants did not or could not believe that Carla was guilty of the crime alleged.

AUTHORITY: 42 U.S.C. § 1983; *Hogan v. Robert H. Irwin Motors, Inc.*, 121 N.H. 737 (1981); *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011) (video and audio recording public officials doing their duties in public is protected First Amendment activity).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #3

## VIOLATION OF FREE SPEECH/FREE PRESS/FREE ASSEMBLY RIGHTS

You need to know that every individual has the right, pursuant to the First Amendment of the United States Constitution to film police officers engaged in their public duties in public.  If, you find, from the evidence on record that Carla was filming *or* attempting to film the Defendants conducting their public duties in public, you must find that she was lawfully exercising her First Amendment Rights.

If you find that she was lawfully exercising her First Amendment rights, you must determine whether the Defendants' actions (arresting her and prosecuting her) discouraged Carla from exercising her First Amendment Rights.  In other words, you must determine whether the Defendant's actions would inhibit a reasonable person from engaging in lawful activities in the future.  If you find that Carla's arrest and subsequent prosecution and all other actions by the Defendants did discourage her from exercising her First Amendment rights, you must find the Defendants liable for violating Carla's First Amendment rights.

AUTHORITY: 42 U.S.C. § 1983; *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011); *Mangual v. Rotger-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #4

## COMPENSATORY DAMAGES

If you find that the Defendants violated Carla's Constitutional Rights, and caused damage to her as a result of violating her rights, and you that it is more likely than not that the costs submitted to you through the course of this trial are reflective of the costs incurred as a result of the Defendant's conduct, then you must award those costs to Carla.

You may also award reasonable compensatory damages for Carla's pain and suffering and/or humiliation and/or Reputation damage that she has suffered or will suffer as a result of the Defendants' unlawful conduct.  However, merely because pain and suffering and humiliation is not as easy to calculate as are medical costs or lost earnings, that does not mean you should not award a reasonable amount.  You must determine what you believe to be a reasonable amount for such compensatory damages.

Importantly, if you have found that there was a Constitutional violation, Carla is entitled to *something* to compensate her for the Constitutional violation itself.

AUTHORITY: 42 U.S.C. § 1983; *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION #5**

**PUNITIVE DAMAGES**

If you awarded Carla compensatory damages, you may also award her punitive damages if you find that it is more likely than not that the Defendants either knew that their actions violated federal law or acted in reckless or callous indifference to whether their actions were illegal.

Again, defining the amount of punitive damages is completely within your discretion. The purpose is to punish and/or deter the Defendants from future similar conduct. You should consider the evidence presented, including the nature and severity of the Defendants' actions and the resulting harm to Carla in making your determination.

AUTHORITY: *Smith v. Wade*, 461 U.S. 30 (1983); *DiMarco-Zappa v. Cabanillas*, 238 F.3d 25 (1st Cir. 2001).