UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Carla Gericke

   v.                                            Civil No. 11-cv-231-SM

Chief Gregory C. Begin,
Individually and Officially;
Lieutenant James J. Carney,
Individually and Officially;
Sergeant Joseph Kelley, Individually
and Officially; Officer Brandon
Montplaisir, Individually and
Officially; Weare Police Department;
and The Town of Weare


**O R D E R**

Carla Gericke has sued four police officers, the Weare Police Department, and the Town of Weare for violating her federal constitutional rights during the course of her arrest in March of 2010 and her subsequent prosecution.  Before the court is Gericke's motion to compel defendants to produce the personnel files of Lt. James Carney, Sgt. Joseph Kelley, and Officer Brandon Montplaisir, for the period running from December of 2011 through the present.  Defendants object.  For the reasons that follow, Gericke's motion to compel is denied.

"[T]he purpose of pretrial discovery is to 'make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable

extent.'"  Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (quoting Macaulay v. Anas, 321 F.3d 45, 53 (1st Cir. 2003)).  "Unless otherwise limited by court order, the scope of discovery . . . [extends to] any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  When a party is dissatisfied with an opponent's response to a discovery request, the Federal Rules of Civil Procedure ("Federal Rules") permit that party to "move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).

Gericke's motion to compel must be denied due to her failure to comply with several procedural requirements.  First, the Federal Rules provide that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to obtain it without court order."  Fed. R. Civ. P. 37(a)(1).  Gericke's motion includes no such certification.[1]  Moreover, Gericke has provided

---

[1] Thus, the motion also fails to comply with LR 7.1(c).

the court with no evidence from which it could conclude, absent the required certification, that she has satisfied the meet-and-confer requirement. For that reason alone, her motion to compel could properly be denied. See Velásquez-Pérez v. Developers Diversified Realty Corp., 272 F.R.D. 310, 312 (D.P.R. 2011) ("[P]laintiff['s] failure to comply with the meet and confer requirements constitutes sufficient reason to deny the motions to compel") (quoting Aponte-Navaedo v. Nalco Chem. Co., 268 F.R.D. 31, 41 (D.P.R. 2010)).

Beyond that, Gericke's motion fails to comply with a local requirement that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 or 30-37 shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection, or a copy of the actual discovery document which is the subject of the motion . . . ." LR 37.1(a) (emphasis added). The point of Local Rule 37.1(a), of course, is to aid the court in resolving discovery disputes on the merits.

This case demonstrates the rationale behind the rule. In her memorandum of law, in the section titled "Facts," Gericke states:

> Throughout the course of discovery, the Defendants provided their personnel files in response to Carla's request. Therefore, Carla has complete personnel files for Defendants Kelley, Carney and

3

Montplaisir for the time period ending December 2011. Pl.'s Mem. of Law (doc. no. 42-1, at 1.  That factual assertion, however, is difficult to square with the LR 37.1(a) material Gericke failed to provide, but that was submitted by defendants. While Gericke asserts that she "has complete personnel files" for three defendants, those same defendants' interrogatory answers include what appear to be specific objections to providing Gericke with releases to obtain and inspect personnel files from their past and current employers.  <u>See</u> Defs.' Mem. of Law, Belobrow Decl., Attach. A (doc. no. 48-3), at 4-5, 13-14, 22-23.  Thus, the factual basis for at least one of Gericke's arguments is entirely unsupported by her submission, and appears to be contradicted by the material she was required to submit, but did not.  There is no need to belabor the point; Bericke's failure to comply with LR 37.1(a) is yet another reason to deny her motion to compel.

As a result of Gericke's non-trivial failures to comply with the relevant federal and local rules of discovery, her motion to compel, document no. 42, is denied.  Pursuant to Rule 37(a)(5)(B), defendants appear entitled to the reasonable expenses they incurred in opposing Gericke's motion. Accordingly, defendants shall file a motion for an award of fees and expenses under Fed. R. Civ. P. (a)(5)(B), along with a

4

supported and detailed statement of the fees and expenses requested, on or before October 4, 2012, Gericke shall file her response on or before October 11, 2012. In the event Gericke resolves the issue of fees by agreement and without further litigation, Gericke shall notify the court on or before October 4, 2012.

    SO ORDERED.

                                        Landya McCafferty
                                        United States Magistrate Judge

September 20, 2012

cc:   Charles P. Bauer, Esq.
      Corey M. Belobrow, Esq.
      Seth J. Hipple, Esq.
      Stephen T. Martin, Esq.