# UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Carla Gericke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 11-CV-231-SM |
| Gregory C. Begin, | ) | |
| Individually and Officially, | ) | **JURY TRIAL DEMANDED** |
| Brandon Montplaisir, | ) | |
| Individually and Officially, | ) | |
| James Carney, | ) | |
| Individually and Officially, | ) | |
| Joseph Kelley, | ) | FIRST AMENDED COMPLAINT |
| Individually and Officially, | ) | FOR |
| Town of Weare, | ) | DAMAGES, DECLARATORY AND |
| Weare Police Department | ) | INJUNCTIVE |
| | ) | RELIEF |
| Defendants. | ) | |
| | ) | |

COMES NOW, the Plaintiff, by and through the undersigned Counsel and for her

Complaint against the Defendants, states as follows:

## JURISDICTION, CAUSE OF ACTION, AND VENUE

1. The Plaintiff invokes jurisdiction in this Court for her Federal claims pursuant to 28

   U.S.C. §1331.

2. The Plaintiff's Federal claims against the State actors are brought pursuant to 42 U.S.C.

   §1983 and 42 U.S.C. § 1988.

3. The Plaintiff's State claims are brought pursuant to New Hampshire common law.

4. The Plaintiff also invokes supplemental jurisdiction in this Court for her State claims

   pursuant to 28 U.S.C. §1367.

5.  Declaratory relief is sought under 28 U.S.C. § 2201, and injunctive relief is sought under 42 U.S.C. §1983.

6.  The Defendants' unlawful actions occurred within the State of New Hampshire, and therefore venue is appropriate pursuant to 28 U.S.C. § 1391(b).

<u>PARTIES</u>

7.  At all relevant times, Carla Gericke ("Plaintiff") was a New Hampshire resident.

8.  At all relevant times, the Town of Weare and the Weare Police Department employed Gregory C. Begin ("Defendant Begin") as the Weare Police Chief.

9.  At all relevant times, James J. Carney ("Defendant Carney") was a Lieutenant employed by the Weare Police Department.

10. At all relevant times, Joseph Kelley ("Defendant Kelley") was a Sergeant employed by the Weare Police Department.

11. At all relevant times, Brandon Montplaisir ("Defendant Montplaisir") was a Police Officer employed by the Weare Police Department.

12. When referring collectively to the Defendant Officer, Sergeant, and Lieutenant, they shall hereinafter be referred to as "Defendant Officers."

13. At all relevant times, Defendant Begin had supervisory authority over the Defendant Officers.

14. At all relevant times, Defendant Weare Police Department ("Defendant PD") employed all Defendants.

15. At all relevant times, the Town of Weare ("Defendant Town") had supervisory authority over the Weare Police Department and its employees.

16. At all relevant times, the Defendants acted under color of state law, but in excess of Federal constitutional limitations.

17. All claims brought pursuant to 42 U.S.C. §1983 are being brought against each Defendant in his/her individual capacity only.  All other claims are being brought against the Defendants in their individual and official capacities as necessary and appropriate.

<u>SALIENT FACTS</u>

18. On or around March 24, 2010, Plaintiff was in the Weare Middle School parking lot, observing and trying to video - and audio - record Defendant Kelley conduct a traffic stop on Route 114.  She was standing behind a fence about 30 feet away from the traffic stop, which she did not climb or cross.  When Defendant Kelley requested that Plaintiff return to her vehicle, she complied.  Defendant Kelley requested assistance.

19. Shortly thereafter, Defendant Montplaisir arrived, approached Plaintiff's vehicle and demanded to know the whereabouts of Plaintiff's camera.  Within minutes, he arrested Plaintiff.

20. Following Plaintiff's booking, Plaintiff asked for a receipt for her camera.  In response, Defendant Carney told her that he would not give her one.  She insisted that the Defendants provide her a receipt, and then Defendant Carney grabbed her bond papers from her and added illegal wiretapping to the list of offenses.  Additionally, an unidentified Weare Police officer said to Plaintiff: "You will never see your camera again."

21. Although two months later, the Defendants dropped the charges against Plaintiff, they spent the next year threatening her with prosecution, and refused to return her camera until ordered to do so twice by the Goffstown District Court.

22. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered

    damages, including legal fees, pain and suffering, humiliation, damage to her reputation,

    and further losses as more fully set forth in the Prayer for Relief.

<u>CLAIMS</u>

<u>Count I</u>

(Retaliatory Prosecution for Engaging In Protected First Amendment Activity --  Speech -- 42
U.S.C. § 1983)

23. Plaintiff incorporates by reference and re-alleges all previous Paragraphs of the

    Complaint.

24. Plaintiff was engaged in lawful First Amendment Activities, when she attempted to video

    - and audio - record Defendant Kelley performing his public duties in public, and the

    Defendants arrested her and charged her with "wiretapping" in retaliation for exercising

    those rights.

25. The Defendants lacked probable cause to charge and prosecute Plaintiff for

    "wiretapping," and the intended and actual effect of doing so was to chill Plaintiff's

    speech.

26. As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's First

    Amendment right to Free Speech done with evil motive, the Plaintiff has suffered

    damages such as pain and suffering, humiliation, damage to her reputation, legal fees,

    and further losses as more fully set forth in the Prayer for Relief.

<u>Count II</u>

(Retaliatory Prosecution for Engaging In Protected First Amendment Activity --  Petitioning for
Redress of Grievances -- 42 U.S.C. § 1983)

27. Plaintiff incorporates by reference and re-alleges all previous Paragraphs of the

Complaint.

28. Plaintiff was engaged in lawful First Amendment Activities, in that she petitioned the

Defendants for a redress of grievances when she asked that they provide her a receipt for

her seized camera.   The Defendants arrested her and charged her with "wiretapping" in

retaliation for exercising her First Amendment Rights.

29. The Defendants lacked probable cause to charge and prosecute Plaintiff for

"wiretapping," and the intended and actual effect of doing so was to chill Plaintiff's First

Amendment Rights.

30. As a proximate result of Defendants' willful and wanton deprivation of Plaintiff's First

Amendment right to Free Speech done with evil motive, the Plaintiff has suffered

damages such as pain and suffering, humiliation, damage to her reputation, legal fees,

and further losses as more fully set forth in the Prayer for Relief.

<u>Count III</u>

(Defendants Officers Maliciously Prosecuted Plaintiff)

31. Plaintiff incorporates by reference and re-alleges all previous Paragraphs of the

Complaint.

32. Defendants Officers maliciously prosecuted Plaintiff in violation of New Hampshire

common law.

33. Defendants Officers subjected Plaintiff to a criminal prosecution initiated without

probable cause and with malice, and the criminal proceeding ended in Plaintiff's favor.

34. As a proximate result of Defendants' intentional malicious prosecution of Plaintiff done with evil motive, Plaintiff has suffered damages, such as legal fees, pain and suffering, humiliation, damage to her reputation, and further losses as more fully set forth in the Prayer for Relief.

<u>Count IV</u>

(Defendant Begin is Liable for Negligent Training and Supervision – 42 U.S.C. § 1983)

35. The Plaintiff incorporates by reference and re-alleges all previous Paragraphs of the Complaint.

36. Defendant Begin trained and supervised the Defendant Officers.

37. Defendant Begin failed to properly train and supervise the Defendant Officers by maintaining a policy, custom, or both which caused and/or allowed the Defendants' unlawful unconstitutional conduct to occur thereby causing harm to the Plaintiff.

38. As a proximate result of Defendant Begin's failure to properly train and supervise the Defendant Officers, the Plaintiff suffered humiliation, injury to her reputation, legal fees, pain and suffering and further damages as more fully set forth in the Prayer for Relief.

<u>Count V</u>

(Defendant PD is Liable for Negligent Training and Supervision – 42 U.S.C. § 1983)

39. Plaintiff incorporates by reference and re-alleges all previous Paragraphs of the Complaint.

40. Defendant PD trained and supervised the Defendant Officers and Defendant Begin.

41. Defendant PD failed to properly train and supervise the Defendant Officers and Defendant Begin by maintaining a police, custom, or both which caused and/or allowed

the Defendants' unlawful unconstitutional conduct to occur thereby causing harm to the Plaintiff.

42. As a proximate result of the Defendant PD's failure to train and supervise, the Plaintiff suffered humiliation, damage to her reputation, pain and suffering, legal fees and further injuries as more fully set forth in the Prayer for Relief.

Count VI

(Defendant Town is Liable for Negligent Training and Supervision – 42 U.S.C. § 1983)

43. Plaintiff incorporates by reference and re-alleges all previous Paragraphs of the Complaint.

44. Defendant Town trained and supervised the Defendant Officers and Defendant Begin.

45. Defendant Town failed to properly train and supervise the Defendant Officers and Defendant Begin by maintaining a police, custom, or both which caused and/or allowed the Defendants' unlawful unconstitutional conduct to occur thereby causing harm to the Plaintiff.

46. As a proximate result of the Defendant Town's failure to train and supervise, the Plaintiff suffered humiliation, injury to her reputation, humiliation, legal fees, pain and suffering, and further losses as more fully set forth in the Prayer for Relief.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

DAMAGES

*Federal Constitutional Violations*

A. That the Plaintiff be awarded compensatory damages to recover legal fees and costs incurred to defend the unlawful and unconstitutional retaliatory criminal prosecution;

B.  That the Plaintiff be awarded compensatory damages to recover legal fees and costs
    incurred as a result of the Defendants' respective negligent training and supervision.

C.  That the Plaintiff be awarded reasonable punitive damages for the Defendants' evil
    motive in violating her rights under the United States Constitution as applied to the States
    through the Fourteenth Amendment.

D.  That the Plaintiff be awarded costs and reasonable attorney's fees in accordance with 42
    U.S.C. §1988.

*Common Law Violations*

E.  That the Plaintiff be awarded compensatory damages for humiliation, pain and suffering,
    legal fees and costs, damage to her reputation, and property losses for all common law
    tortious conduct committed by the Defendants.

F.  That the Plaintiff be awarded such other and further relief as this Honorable Court deems
    just.

DECLARATORY RELIEF

G.  A declaration that video and audio recording public officials, including police officers,
    engaged in their public duties, within a public forum, even without said public official's
    consent, does not constitute illegal wiretapping pursuant to RSA 570-A, and is further
    protected by the First Amendment to the United States Constitution as applied to the
    States through the Fourteenth Amendment.

INJUNCTIVE RELIEF

H.  That the Weare Police Department be enjoined from arresting, charging and/or
    prosecuting the Plaintiff for video and audio recording public officials, including police

officers, engaged in their public duties, within a public forum, even without said public

official's consent.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  September 20, 2012                    Respectfully submitted,
                                              Carla Gericke,
                                              By, The Law Offices of
                                              Martin & Hipple, PLLC

                                              By /s/Stephen T. Martin_____
                                              Stephen T. Martin, Esq.
                                              NH Bar # 19567
                                              22 Bridge Street; Suite 3
                                              Concord, NH 03301
                                              1-877-645-2909
                                              smartin@nhlegalservices.com


                                              By/s/Seth J. Hipple_____
                                              Seth J. Hipple, Esq.
                                              NH Bar # 19555
                                              22 Bridge Street; Suite 3
                                              Concord, NH 03301
                                              1-877-645-2909
                                              sjhipple@nhlegalservices.com


Carla Gericke
10 Benning Street, PMB 151
West Lebanon, NH 03784

## CERTIFICATE OF SERVICE
        COMES NOW Attorney Stephen T. Martin, Counsel for the Plaintiff, and hereby
certifies that I have caused a copy of the foregoing to be served upon Counsel for the Defendants
using this Court's CM/ECF system.

Dated:  September 20, 2012      ____/s/Stephen T. Martin_____

Stephen T. Martin, Esq.